**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                               No. CR 10-0169 JB

JAIME HERNANDEZ-DEL VILLAR,

    Defendant.

**AMENDED MEMORANDUM OPINION AND ORDER**[1]

This matter comes before the Court on the Defendant's Motion for Downward Departure Based Upon Cultural Assimilation and Reduction of Recency Points on Criminal History, filed November 2, 2010 (Doc. 32)("Motion"). The Court held a sentencing hearing on November 5, 2010. The primary issues are: (i) whether the Court should depart downward based on cultural assimilation; and (ii) whether the Court should reduce his criminal history points because the United States Sentencing Commission and Congress have eliminated recency points as of November 1, 2010. The Court will deny the request of a downward departure, because the Court does not believe that Defendant Jaime Hernandez-Del Villar's circumstances take him outside the heartland of cases. The Court will discount the recency points in his criminal history calculation. The Court will also grant Hernandez-Del Villar a downward variance. The Court sentences Hernandez-Del Villar to 33

---

[1] The Court amends its Memorandum Opinion and Order, filed April 21, 2011 (Doc. 38), to correct its errant statement of Defendant Jaime Hernandez-Del Villar's criminal history category. The Court erroneously stated that Hernandez-Del Villar's criminal history category is III, in accordance with the Presentence Investigation Report ("PSR") the United States Probation Office ("USPO") disclosed for Hernandez-Del Villar on March 9, 2010. Hernandez-Del Villar's correct criminal history category is II, in accordance with the USPO's November 3, 2010 Addendum to the PSR. The error did not affect the Court's analysis in determining Hernandez-Del Villar's sentence, because the Court correctly stated Hernandez-Del Villar's criminal history in the Analysis section of its Memorandum Opinion and Order and at the November 5, 2010 sentencing hearing.

months incarceration.

## PROCEDURAL BACKGROUND

On January 22, 2010, Hernandez-Del Villar pled guilty to an Information charging a violation of 8 U.S.C. §§ 1326(a) and (b), re-entry of a removed alien. See Doc. 8. The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Hernandez-Del Villar on March 9, 2010. In the PSR, the USPO calculated Hernandez-Del Villar's offense level to be 21 and his criminal history category to be II, establishing a guideline imprisonment range of 41 to 51 months. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court accepts the plea agreement, which stipulates to a 1-level downward departure, as the Court is satisfied that the agreed offense level departs for justifiable reasons, i.e., the plea agreement is pursuant to the United States Attorney for the District of New Mexico's fast-track program, which the United States Attorney General has approved, and which meets the conditions that Congress has set for such programs. See PROTECT Act § 401(m)(2)(B), 108 Pub. L. No. 21, 117 Stat. 650, 675; U.S.S.G. § 5K3.1. An offense level of 20 and a criminal history category of II establishes a guideline imprisonment range of 37 to 46 months.

On April 13, 2010, Hernandez-Del Villar filed a Sentencing Memorandum requesting 41 months imprisonment, at the low-end guideline range as calculated in the PSR. See Doc. 14. At the time of that filing, Mr. James Baiamonte represented Hernandez-Del Villar. On April 30, 2010, Mr. Baiamonte withdrew and Henry de la Garza was assigned as Hernandez-Del Villar's legal representative. See CJA 20 Appointment, filed April 30, 2010 (Doc. 17). On October 29, 2010, Hernandez-Del Villar filed his Motion. Hernandez-Del Villar moves the Court for a downward departure based on cultural assimilation and for a reduction of criminal history recency points. Plaintiff United States of America opposes the Motion, contending that a sentence at the low end

of the guideline range is appropriate in this case. See United States' Response to Defendant's Motion for Downward Departure Based upon Cultural Assimilation and Reduction of Recency Points on Criminal History Filed on October 29, 2010 (Doc. 28), filed October 29, 2010 (Doc. 30).

On November 3, 2010, the USPO disclosed an addendum to Hernandez-Del Villar's PSR, reducing the 2 recency points in the PSR's guideline calculation based on the revisions to the guidelines that went into effect on November 1, 2010. After this modification, Hernandez-Del Villar has an offense level of 20 and criminal history category II, resulting in a guideline sentencing range of 37 to 46 months. There being no objections to the PSR's sentencing calculation in the addendum, the Court adopts the PSR's guideline calculations as its own.

## ANALYSIS

The Court denies Hernandez-Del Villar request for a cultural assimilation downward departure, because he came to the United States later in life and his criminal activity shows he has not assimilated well into society in the United States. The Court adopts the November 3, 2010 addendum to the PSR, which eliminates Hernandez-Del Villar's recency points, which moots Hernandez-Del Villar's request for a departure based on his recency points. The Court also grants Hernandez-Del Villar a downward variance. The Court sentences Hernandez-Del Villar to 33 months incarceration.

### I.     THE COURT DENIES HERNANDEZ-DEL VILLAR'S REQUEST FOR A DOWNWARD DEPARTURE FOR CULTURAL ASSIMILATION.

Hernandez-Del Villar asks the Court to depart downward because he came to the United States when he was fifteen. He notes that he arrived in the United States in 1983, and has lived here most of his life. He has two teenage children and two grandchildren in California. Hernandez-Del Villar further contends that his cultural ties to the United States were the primary motivation for his

illegal reentry.  Hernandez-Del Villar's siblings and parents live in Mexico.

The United States responds that Hernandez-Del Villar's circumstances do not warrant a downward departure for cultural assimilation.  The United States notes that Hernandez-Del Villar came to the United States when he was fifteen, which it contends is not in his childhood, and that his parents did not bring him here.  Hernandez-Del Villar took night classes, but never attended high school in the United States or obtained his diploma.  The United States further notes that, under the Sentencing Guidelines, "[f]amily ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted."  U.S.S.G. § 5H1.6.  The United States asserts that nothing in Hernandez-Del Villar case is unusual compared to other similarly situated defendants.

The Court does not believe that Hernandez-Del Villar's circumstances warrant a downward departure for cultural assimilation.

> There may be cases in which a downward departure may be appropriate on the basis of cultural assimilation.  Such a departure should be considered only in cases where (A) the defendant formed cultural ties primarily with the United States from having resided continuously in the United States from childhood, (B) those cultural ties provided the primary motivation for the defendant's illegal reentry or continued presence in the United States, and (C) such a departure is not likely to increase the risk to the public from further crimes of the defendant.
>
> In determining whether such a departure is appropriate, the court should consider, among other things, (1) the age in childhood at which the defendant began residing continuously in the United States, (2) whether and for how long the defendant attended school in the United States, (3) the duration of the defendant's continued residence in the United States, (4) the duration of the defendant's presence outside the United States, (5) the nature and extent of the defendant's familial and cultural ties inside the United States, and the nature and extent of such ties outside the United States, (6) the seriousness of the defendant's criminal history, and (7) whether the defendant engaged in additional criminal activity after illegally reentering the United States.

U.S.S.G. § 2L1.2 app. note 8.[2]  The Court believes a downward departure for cultural assimilation is authorized, but it is unconvinced that Hernandez-Del Villar's circumstances take him outside of the heartland of cases that this Court, this District, the border districts, and the federal courts in general see on a regular basis.  Hernandez-Del Villar came to the United States when he was fifteen, and his parents did not bring him here.  While the Court is not prepared to say someone coming to the United States at age fifteen could never be eligible for a downward departure for cultural assimilation, the Court does not generally grant downward departures unless defendants arrived when they were truly in their childhood.  Moreover, Hernandez-Del Villar spent ten years and seven months of his time in the United States in prison for kidnaping, and he never attended high school here.  These considerations counsel against granting a downward departure in this case, because they show he has not assimilated well.  The Court therefore denies Hernandez-Del Villar's request for a downward departure under U.S.S.G. § 2L1.2.

## II.   THE COURT GRANTS HERNANDEZ-DEL VILLAR A VARIANCE FROM THE GUIDELINE RANGE.

Hernandez-Del Villar also asks for a variance on the same grounds on which he requested a downward departure.  The United States opposes a downward variance, because of Hernandez-Del Villar's criminal history.  The United States notes that Hernandez-Del Villar's background includes a thirteen-year sentence for kidnaping, a conviction for discharging a firearm in the direction of a detective, and five arrests the disposition of which is unknown.

The Court believes a slight variance is warranted in this case.  While Hernandez-Del Villar's circumstances do not warrant a downward departure for cultural assimilation, they make a sentence

---

[2] This application note was added to the guidelines effective November 1, 2010.  The Court uses the guidelines manual in effect on the date the defendant is sentenced.  See U.S.S.G. § 1B1.11 ("The Guidelines Manual in effect on a particular date shall be applied in its entirety.").

below the guideline range appropriate. Hernandez-Del Villar came here when he was fifteen and has spent much of his life in the United States. His children and grandchildren are here, which was part of his reason for returning after his deportation. These considerations support a slight variance. The Court believes that it is more appropriate to treat Hernandez-Del Villar's offense level like a 19, which, with a criminal history category II, yields a recommended sentencing range of 33 to 41 months. The Court believes that Hernandez-Del Villar's circumstances and the nature of his conviction support giving him a sentence of 33 months, at the low end of that range. On the other hand, because of his criminal history in this country, the Court does not believe a full variance is appropriate.

      Hernandez-Del Villar illegally reentered the United States after a felony conviction for a crime of violence. The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for this sort of offense. The Court finds that a sentence of 33 months adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable and more reasonable than the advisory guideline range

suggests the sentence should be. Finally, the Court believes Hernandez-Del Villar's criminal history is adequately reflected in this sentence, and that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act.

**IT IS ORDERED** that the Court grants in part and denies in part the Defendant's Motion for Downward Departure Based Upon Cultural Assimilation and Reduction of Recency Points on Criminal History, filed November 2, 2010 (Doc. 32). The Court denies the request for a downward departure, discounts the recency points, and grants a variance from the guideline range. The Court sentences Defendant Jaime Hernandez-Del Villar to 33 months incarceration.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Lynn Wei-Yu Wang
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Henry Edward de la Garza
Albuquerque, New Mexico

    *Attorney for the Defendant*